IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02805-BNB

ELMER L. CROSS, JR.,

    Plaintiff,

v.

DR. CRUM,
THE NURSE RHONDA, and
THE NURSE MARK LONGALE,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Elmer L. Cross, Jr., is an inmate currently incarcerated at the Denver County Jail.  Mr. Cross filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He asks for money damages and injunctive relief.  He also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).  Mr. Cross has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Plaintiff's Prisoner Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Cross will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

In the Prisoner Complaint, Mr. Cross alleges that Defendant Crum attempted to poison him by prescribing him a daily medication to treat his fungal infection. He also alleges, on the other hand, that Defendant Crum is "following feds/police subversion" by not prescribing him medications to treat his fungal infection and not treating his symptoms of dizzy spells, blurred vision, numbness, and pain that is caused by prison officials "lacing" his medications. Finally, he alleges that Defendants Rhonda and Zongale also are not providing adequate medical care. On the basis of these allegations, Mr. Cross asserts four claims for "intentional malpractice, willful malpractice due to following Fed/Police subversion, willful malpractice and deliberate, intentional infliction of physical, psychological, and emotional pain and suffering, and willful, intentional infliction of physical pain and suffering and participating in cover-up."

The Prisoner Complaint is deficient for several reasons. First, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The United States Court of Appeals for the Tenth Circuit construes this language literally, finding that "mental or emotional" injuries are insufficient. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001); *see also Laratta v. Raemisch*, No. 12-cv-02079-MSK-KMT, 2014 WL 1237880, at *20 (D. Colo. Mar. 26, 2014) (unpublished). Moreover, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In addition, verbal threats and harassment do not rise to the level of cruel and unusual

punishment. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

Construing the allegations liberally, it appears that Mr. Cross may be attempting to assert an Eighth Amendment claim based on a prison official's deliberate indifference to an inmate's serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. However, mere vague and conclusory allegations that federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013). Here, Mr. Cross' allegations are vague, conclusory, and rambling.

The Prisoner Complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Cross fails to assert his claims in a manner that is clear and concise and allows the Court and each defendant to understand and respond to each asserted claim. Generally, Mr. Cross fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Cross must present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be

able to respond to those claims.  Mr. Cross must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.  A long, chronological recitation of facts is not required.  Nor should the Court or defendants be required to sift through Mr. Cross' vague and conclusory allegations to determine the heart of each claim.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992);  *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Cross will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states claims clearly and concisely in compliance with Fed. R. Civ. P. 8.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.

Accordingly, it is

ORDERED that Plaintiff, Elmer L. Cross, Jr., file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with this order and the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved form for filing a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall

use the form in filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, certain claims against certain defendants, or the entire Prisoner Complaint and action, may be dismissed without further notice.

DATED October 15, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge